WOODALL, Justice.
The Alabama State Bar (“the Bar”) appeals the decision of the Board of Disciplinary Appeals of the Alabama State Bar (“the Board”) reversing the order of a panel of the Disciplinary Board of the Alabama State Bar (“the panel”); the panel had disciplined R.G.P., Jr., a member of the Bar, for allegedly violating Rule 8.4(d), Ala. R. Prof. Conduct. We vacate the order and remand.
In its order reversing the panel’s decision, the Board stated, in pertinent part:
“The Board considered the briefs as filed and the Board finds that the briefs, which substantially comply with the procedural rules, are accepted as filed.
“After serious discussion by the Board, each member speaking to the point as raised by the Appeal, it is the decision of the Board of Disciplinary Appeals that [R.G.P., Jr.,] has demonstrated that the Order [of the panel] is erroneous under the standard of review set forth in Rule 5.1(d), [Ala. R. Disc. PJ.
“Accordingly, it is ORDERED and DECREED by the [Board] that the findings of the [panel] on January 23, 2007, are hereby reversed and this Board hereby. enters its Order finding [R.G.P., Jr.,] not guilty of engaging in conduct prejudicial to the administration of justice.”
(Emphasis added.)
The Board was established in Rule 5.1, Ala. R. Disc. P., which became effective August 1, 2000. In establishing the Board, this Court limited the manner in which the Board may make its decision by requiring that, “[i]n affirming, reversing, or modifying a decision or order, the [Board] shall specifically state the reason(s) for its conclusion(s) and the legal basis on which it relies.” Rule 5.1(d) (emphasis added). When it fails to do so, this Court will vacate the Board’s order and remand the case for further consideration, including compliance with Rule 5.1(d).
“[T]he ‘clearly erroneous’ standard [of review] is applicable to the [Board’s] review of decisions of the [panel] .... ” Tipler v. Alabama State Bar, 866 So.2d 1126, 1137 (Ala.2003); see also Rule 5.1(d). “[Wjhether the [Board] properly applied the ‘clearly erroneous’ standard of review to the [panel’s] findings of fact is a question of law. Likewise, all other legal questions in the final order of the [Board] present questions of law to us.” Tipler, 866 So.2d at 1137 (emphasis added). Additionally, “[n]o error shall be predicated on any ground not presented to the [panel].” Rule 5.1(d) (emphasis added).
Thus, to review properly the Board’s order reversing the order of the panel, this Court must be informed as to whether the basis of the reversal was factual or legal and as to what arguments were presented to the Board by the appellant. In this case, for example, the panel’s order imposing discipline was based on a finding of negligence on the part of R.G.P., Jr. However, the Board’s conclusory order reversing the panel’s decision does not indicate whether the Board merely disagreed with the panel’s factual findings or whether it concluded, as a matter of law, that discipline could not be imposed on the basis of negligence, either as a general rule or as this case was postured.
Because it does not satisfy the mandate of Rule 5.1(d), the Board’s order is vacated, and the case is remanded for further proceedings that comply with Rule 5.1, Ala. R. Disc. P.
ORDER VACATED; CASE REMANDED.
*1007 COBB, C.J., and SEE, LYONS, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.